OWEN VAN VACTER *vs.* RUFUS K. FLACK.

An order payable out of a particular fund, is not a bill of exchange.
To maintain an action on an accepted order, payable out of certain notes, in the hands of the acceptor for collection, the plaintiff must aver in his declaration and prove the collection of the notes.

THE defendant in error, brought an action of assumpsit against the plaintiff in error, in the circuit court of Madison county, on the following instrument of writing, to wit:

"Natchez, 12th April, 1836.

"Dear Sir—Out of the notes left in your hands by me for collection, you will please pay R. K. Flack, or order, five hundred dollars, on or before the 1st day of January, 1837, and place same to acount of                Your Obd't,

                        , .     "JOSEPH RIDDLE, Jr.

"OWEN VAN VACTER, Esq. Madisonville."

which was accepted generally by the plaintiff in error. The declaration was in the usual form of declarations on bills of exchange, called the writing sued on a "bill of exchange," and contained no averment that Van Vacter had collected the notes left in his hands by Riddle. The defendant demurred to the declaration, and assigned two special causes of demurrer.

1. "The declaration contains no averment, the defendant ever collected the notes left in his hands for collection, by one Joseph Riddle, Jr., out of which notes the said Riddle, the drawer of the bill of exchange mentioned in plaintiff's declaration, directed said defendant to pay the plaintiff the sum mentioned in said bill of exchange.

2. "The declaration contains divers blanks', &c. The demurrer was overruled by the court, and judgment rendered for the plaintiff. And the defendant brings the case to this court by writ of error. Three errors are assigned.

1. " The declaration describes the instrument sued on as a bill of exchange, though it is not in fact a bill of exchange.

2. " The declaration contains no averment that the money was collected on the claims mentioned in the instrument, upon which suit was instituted, although such collection was a condition precedent.

3. " The declaration, though in assumpsit, and not on a promissory note or bill of exchange, makes no statement of a consideration for the promise."

*Owen Van Vacter*, for plaintiff in error.

The instrument of writing sued on, is not a bill of exchange. It specifies a particular fund, out of which the money is to be paid, to wit: the notes left in the drawees hands, by the drawer for collection.   Its payment depended on the uncertain event of a collection of said notes, by the drawee.   But it is essential to a bill of exchange, that it be payable at all events, and an instrument cannot be declared on as such, if the money is to be paid out of a specified fund, which may never be realized, or be adequate to the purpose.   In support of this position all the authorities concur.   To this point a few only of the leading cases will be cited.   *Jocelin,* v. *Laseme,* Fort. 281.   10 Mod. 294, 316. Evens drew upon Jocelin, and required him to pay Laseme, £7 a month " out of Evans' growing subsistence," and Jocelin accepted the draft.   Laseme sued Jocelin, and had judgment, but upon a writ of error that judgment was reversed, because this draft was not a good bill of exchange, inasmuch as it would not have been payable had Evans died, or had his subsistence been taken away.

*Haydock* v. *Linch,* Lord Raymond, 1563.   Rogers drew upon Linch, and requested him to pay Haydock, £14 3s, " out of the fifth payment when it should become due, and it should be allowed by Rogers."   Linch, accepted the draft, and Haydock sued him, but the court, on demurrer to the declaration, held, this was no bill of exchange, and gave judgment for the defendant.

*Dawkes* v. *Lord DeLoraine,* 2 Bla. R. 782.   3 Wils. 207, S. C.

A draft was in these words, " 8th January, 1768, seven weeks after date, pay to Mrs. Dawkes £32 17s, out of W. Steward's money, as soon as you shall have received it, for your humble servant, DeLoraine. To Timothy Brecknock, Esq." Brecknock accepted the bill, but it not being paid, Mrs. D. brought an action against Lord DeLoraine, who pleaded that Brecknock had not received W. Steward's money; and upon demurrer to this plea, insisted that this was not a bill of exchange. The court, after argument, held the objection good, because it was payable out of a particular fund, and on an event which was future and contingent, viz: the receipt of W. Steward's money, whereas a bill ought to be subject to no~event or contingency, except the failure of the general personal credit of the persons drawing or negotiating it.

*Jeremy* v. *Herle*, Lordraym, 1361. · 8 Mod. 265. 1 Stra. 591. Herle sued Jeremy upon a bill drawn by him upon Pratt, and payable to Herle, as follows : " Sir, you are to pay Mr. Herle £1945, out of the money in your hands belonging to the proprietors of the Devonshire mines, being part of the consideration money for the purchase of the manor of West Buckland." Herle had judgment in the common pleas; but, upon a writ of error, the court of King's bench held, that this was no bill of exchange, because it was only payable out of a particular fund supposed to be in Pratt's hands, and the judgment was accordingly reversed.

See, also, to the same effect, *Hill* v. *Halford*, and another in error, 2 Bos. & Pul. 413. *Williamson* v. *Bennett*, 2 Camp. 418. *Banbury* v. *Lissett*, Stra. 1211. *Yates* v. *Grove*, 1 Ves. jun. 280–81. *Carlos* v. *Fancourt*, in error from the C. P. 5. T. R. 482. *Union Turnpike Company* v. *Jenkins*, 1 Caine's Rep. 381. Jenkins had subscribed for two hundred and eighty shares of the stock of the Union T. P. Co., but at the time of writing his name in the book, as directed by the act incorporating said company, the ten dollars therein ordained to be at that time paid, were neither so paid, nor were demanded. By said act of incorporation, twenty five dollars on each share were to be paid in such manner and proportion as should be determined by the president,

directors and company.   Two orders for paying in five dollars on each sum subscribed were made, with which the said Jenkins refused to comply, and for their amount suit was brought. Plaintiffs declared as upon a note of hand, without setting forth the act or any consideration to support the defendant's promise. Radcliff, J., who delivered the opinion of the court, held the following language : " the payment was uncertain and contingent, and such a note has frequently been held not to come within the statute, and can be declared upon only as a special agreement."

*Cook v. Satterlee,* 6 Cow. Rep. 108.   In this case, the court, Savage, C. J. delivering the opinion thereof, said, " the essential qualities of a bill or note, are, first, that it be payable at all events, not dependent on any contingency, nor payable out of a particular fund."

It is conceived that the provisions of the statute of Mississippi, Revised Code, c. 106, § 9, do not affect the essential qualities of a bill of exchange as existing prior to the passage of that act.   By said section, it is provided that " all obligations, bonds, bills single, promissory notes, and all other writings for the payment of money or any other thing, shall and may be assigned by indorsement;" and that " the assignee or indorsee shall and may sue in his own name," &c.   Even could this section be so construed as to dispense with one of the former essential qualities of bills of exchange, viz., that they be payable in money only; yet, by no possible force of construction, could it be made to dispense with another of said essential qualites, viz., that they be payable at all events, and not out of a particular fund.   The absence of this essential, is the ground of objection in the case under consideration.

2. A collection by the defendant below, of the necessary amount on the notes mentioned in the instrument of writing sued on, was a condition precedent to the plaintiff's right of action.   By the very terms of said instrument of writing, said notes are designated as the fund or source to which plaintiff must look for the amount due him.   It was therefore necessary, on the part of said plaintiff, to have averred in his declaration,

and proved at the trial, the collection thereof. This proposition seems too obviously true to require either authority or argument.

3. It is necessary that a consideration should be stated in the declaration for the defendant's promise. In the case of deeds, bills of exchange, and promissory notes, the mere statement of the liability which constitutes the consideration, is sufficient. 1 Chit. Pl. 321. But, as to all other contracts, it is not sufficient to alledge that there was a valuable consideration for the promise; the particular consideration, either of benefit to the defendant, or of detriment to the plaintiff, must be disclosed, or the promise will appear to be a *nudum pactum*, and the declaration will consequently be bad. 1 Chit. Pl. 321. 4 East. 455. 1 Taunt. 522. 7 T. R. 350. 1 Str. 680. 1 Bibb, 182. 2 Bibb, 300, 585. 3 Bibb, 76, 85, 102. *Minor* v. *Michie*, Walker's Rep. 24.

4. It may, perhaps, be objected, that the first and third causes of error assigned in this court, were not set down as special causes of demurrer to the declaration in the court below. But every special demurrer includes a general demurrer, and, consequently, all substantial defects in the declaration may be taken advantage of, although not set down among the special causes. Gould's Pl. c. 9, part 1, § 20. 6 Greenleaf, 426.

*J. C. Mitchell*, for defendant in error.

The first assignment of error certainly has nothing in it.

1. What is a bill of exchange, but an open letter of request, drawn by one person upon another, in favor of a third person? But suppose the cognomen of bill of exchange is a misnomer, yet the declaration is good as upon an order in writing.

2. The matter that is assigned as the second cause of error, viz. that " the declaration makes no averment that the money was collected," &c., is properly to come from the defendant by way of plea, if it can be of any avail anywhere.

3. The collection of the money is no condition, precedent, or subsequent. The directions being " to pay out of the notes," $500, and not out of the proceeds when collected.

4. That what the plaintiff in error contends should have been

done by the defendant in error, in his declaration, to be of any use, must come from the plaintiff in error by way of plea.

5. No consideration was necessary to be alledged upon *the* instrument and acceptance, as set out in the declaration.

PER CURIAM.    The defendant in error brought suit against the plaintiff in error, declaring, as on a bill of exchange made by one Joseph Riddle, by which he requested the plaintiff in error to pay the said Flack five hundred dollars on the first of January, 1837, " out of the notes left in your hands by me (Riddle) for collection.    Van Vacter accepted generally.    The declaration contains no averment that the notes, out of the proceeds of which the bill was to be paid, had been collected, and for this and other causes, the defendant below demurred, which was overruled, and final judgment given for the plaintiff.

The instrument declared on, is not a bill of exchange, because it is payable out of a particular fund.    In England, the law is well settled against its validity as a bill of exchange, and there is no reason to give such a construction to our statute as to embrace it.    The decisions are numerous on similar instruments, and in no instance, that we are aware of, have they been held to be bills of exchange.    Chitty on Bills, (Barbour's ed.) 157–8, and notes.    This case is distinguishable from that class of cases in which the particular fund is mentioned merely as a direction to the drawer how he may reimburse himself.    This bill is predicated exclusively on a particular fund, not stated to be in hand, but to arise out of notes left for collection.    The understanding of the parties must have been, that the payment of the order depended on the collection of these notes.    It is like the case referred to in the note to Chitty, Ib. 158 (n. 1,) of an order drawn by a client on his attorney, to pay out of moneys collected. The acceptance was general, and must be understood only as an engagement to pay out of that particular fund, if it should come to hand by the time appointed for payment.    On this acceptance, an action may be maintained, but it can only he done by averring and proving the collection of the fund.    The decla-

ration contains no such averment, and was, therefore, defective, as it shows on its face that the order was payable out of the proceeds of notes left for collection. The court then erred in overruling the demurrer and in giving judgment for the plaintiff. The judgment must be reversed and the cause remanded, in order that the plaintiff may obtain leave to amend.